UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHRISTOPHER SHAKESPEARE,
KARIM ANGLIN,
STANLEY PITTON,
JAHMAR MINOTT, and
KAWAYNE TAYLOR,

                                Plaintiffs,

        -against-

CITY OF NEW YORK, a municipal entity;
NELSON AYALA, in his individual capacity;
ROBERT GALLAGHER, in his individual capacity;
CHRISTOPHER SCAPEROTTA, in his individual capacity;
and JOHN DOE 1 through 6, each in his individual capacity,
(the name John Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

**COMPLAINT**

Docket No.:

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------X

Plaintiffs CHRISTOPHER SHAKESPEARE, KARIM ANGLIN, STANLEY PITTON, JAHMAR MINOTT, and KAWAYNE TAYLOR, by and through their attorneys, Jason Leventhal, Esq. and Joshua S. Moskovitz, Esq., respectfully allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for violations of their federal constitutional rights by the defendants. Plaintiffs also assert supplemental state law claims arising from the same set of facts.

## JURISDICTION AND VENUE

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights.

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiffs' claims took place.

## JURY DEMAND

4.  Plaintiffs demand a trial by jury in this action on each and every one of their claims for which a jury trial is legally available.

## PARTIES

5.  Plaintiff CHRISTOPHER SHAKESPEARE is a twenty-six-year-old man residing in Brooklyn, New York.

6.  Plaintiff KARIM ANGLIN is a nineteen-year-old man residing in Fort Hood, Texas.

7.  Plaintiff STANLEY PITTON is a thirty-four-year-old man residing in Brooklyn, New York.

8.  Plaintiff JAHMAR MINOTT is a twenty-eight-year-old man residing in Brooklyn, New York.

9.  Plaintiff KAWAYNE TAYLOR is a twenty-nine-year-old man residing in Queens, New York.

10. Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

11. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department. The NYPD acts as the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

12. At all times relevant herein, the individually named defendants, NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 through 6, were duly sworn police officers, detectives and supervising officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

13. At all times relevant herein, the defendant officers acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY OF NEW YORK and the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and the NYPD.

14. At all relevant times, the defendant officers violated clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution of which reasonable law enforcement officers in their respective circumstances would have known.

## **FACTS**

15. On April 5, 2019, at approximately 8:00 p.m., plaintiffs were lawfully present inside a residence located at 9820 Glenwood Road, Brooklyn New York, when the defendants unlawfully detained, searched, handcuffed, and imprisoned plaintiffs.

16. The defendants transported plaintiffs to the NYPD's 69th precinct and imprisoned them therein.

17. The defendants imprisoned plaintiffs until April 7, 2019 at approximately 12:30 a.m. when an NYPD officer handed each plaintiff a summons and released them.

18. Defendant ROBERT GALLAGHER falsely swore in each summons that each plaintiff possessed a small quantity of marijuana in violation of N.Y.P.L. § 221.05.

19. Plaintiffs CHRISTOPHER SHAKESPEARE, KARIM ANGLIN, JAHMAR MINOTT, and KAWAYNE TAYLOR did not actually or constructively possess any marijuana.

20. Defendant GALLAGHER forwarded his falsely sworn allegations, as contained in each summons, to the Kings County District Attorney and to the Kings County Criminal Court.

21. As a result of defendant GALLAGER's unlawful conduct, the summonses were filed in Kings County Criminal Court.

22. As a result of defendant GALLAGHER's unlawful conduct, each plaintiff was charged with violating N.Y.P.L. § 221.05 and compelled to appear in Kings County Criminal Court.

23. On June 17, 2019, plaintiff MINOTT appeared in Kings County Criminal Court and the charge filed against him was dismissed and sealed.

24. On July 19, 2019, plaintiffs SHAKESPEARE, ANGLIN, and PITTON appeared in Kings County Criminal Court and the charge filed against them was dismissed and sealed.

25. On July 19, 2019 plaintiff TAYLOR appeared in Kings County Criminal Court and the charge filed against him was adjourned in contemplation of dismissal and thereafter dismissed and sealed.

26. Defendants knew that plaintiffs were unlawfully searched and falsely arrested in the absence of probable cause, and prosecuted based on false, fabricated evidence; and defendants directly participated in said arrest, prosecution and fabrication of evidence.

27. Defendants JOHN DOE 5 and 6 failed to intervene to stop the unconstitutional search, arrest, prosecution and fabrication of evidence despite having a reasonable opportunity to intervene and prevent the unconstitutional conduct.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with the NYPD and as agents and employees of the CITY OF NEW YORK.

31. As a result of the foregoing, plaintiffs CHRISTOPHER SHAKESPEARE, KARIM ANGLIN, STANLEY PITTON, JAHMAR MINOTT, and KAWAYNE TAYLOR are entitled to compensatory damages against all of the defendants in an amount to be fixed by a jury, and punitive damages against the defendant officers in an amount to

be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## COMPLIANCE WITH NOTICE OF CLAIM REQUIREMENTS

32. Within ninety (90) days after the claims herein accrued, plaintiffs SHAKESPEARE, ANGLIN, MINOTT, and PITTON duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

33. The CITY OF NEW YORK has refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

34. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued, as tolled by the Executive Orders of the Governor of New York due to the COVID-19 pandemic.

35. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

36. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANT OFFICERS
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

38. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 through 4 caused plaintiffs to be falsely arrested and

unlawfully imprisoned without probable cause.

39. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE DEFENDANT OFFICERS**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

41. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 unreasonably searched plaintiffs thereby causing plaintiffs to suffer emotional distress, embarrassment and humiliation.

42. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST THE DEFENDANT OFFICERS**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

44. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 created false evidence against plaintiffs SHAKESPEARE, ANGLIN, MINOTT, and TAYLOR.

45. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER

SCAPEROTTA, and JOHN DOE 1 and 4 caused this false evidence to be forwarded to the prosecutor to be utilized against plaintiffs SHAKESPEARE, ANGLIN, MINOTT, and TAYLOR in legal proceedings.

46. As a result of defendants' creation and utilization of false evidence, plaintiffs SHAKESPEARE, ANGLIN, MINOTT, and TAYLOR were deprived of their liberty and wrongly charged with an offense that they did not commit.

47. As a result of defendants' creation and utilization of false evidence, plaintiffs SHAKESPEARE, ANGLIN, MINOTT, and TAYLOR suffered a violation of their constitutional right to a fair trial, as guaranteed by the United States Constitution.

48. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, MINOTT, and TAYLOR are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE DEFENDANT OFFICERS
(Malicious Prosecution under 42 U.S.C. § 1983)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

50. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 initiated, commenced and continued a malicious prosecution against plaintiffs SHAKESPEARE, ANGLIN, PITTON and MINOTT.

51. Defendants caused plaintiffs SHAKESPEARE, ANGLIN, PITTON and MINOTT to be prosecuted without any probable cause until the charges were dismissed on June 17 and July 19, 2019.

52. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON and MINOTT are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION
AGAINST THE DEFENDANT OFFICERS**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

54. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 caused criminal process to be issued against plaintiffs by causing their arrest and prosecution in a criminal court.

55. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 caused plaintiffs to be arrested and prosecuted to justify defendants' abuse of authority, and to safeguard defendants' employment by avoiding punishment by the NYPD or other investigative bodies for defendants' abuse of authority.

56. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 caused plaintiffs to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process: to justify defendants' abuse of authority, and to safeguard defendants' employment by avoiding discipline and punishment for defendants' abuse of authority.

57. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR are entitled to compensatory and punitive damages in an amount

9

to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST THE DEFENDANT OFFICERS
(Failure to Intervene under 42 U.S.C. § 1983)

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

59. Defendants JOHN DOE 5 and 6 had an affirmative duty to intervene on behalf of plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR, whose constitutional rights were being violated in their presence.

60. The defendants failed to intervene to prevent the unlawful conduct described herein despite having a reasonable opportunity to intervene.

61. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR, were falsely arrested, maliciously prosecuted, and deprived of his right to a fair trial.

62. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(False Arrest/Unlawful Imprisonment under the laws of the State of New York)

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

64. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 caused plaintiffs to be arrested and/or unlawfully

imprisoned without probable cause.

65. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 caused plaintiffs to be detained against their will for an extended period of time and subjected to physical restraints.

66. As a result of the aforementioned conduct, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR were unlawfully imprisoned in violation of the laws of the State of New York.

67. As a result of the aforementioned conduct, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR suffered physical pain and mental anguish, together with embarrassment, humiliation, shock, fright, and loss of freedom.

68. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON, and MINOTT, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants, in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS**
(Assault under the laws of the State of New York)

69. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

70. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 placed or caused plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR to be placed in apprehension of imminent harmful and offensive bodily contact by causing them to be handcuffed and imprisoned.

11

71. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4's conduct, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR were placed in apprehension of imminent harmful and offensive bodily contact and have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

72. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON, and MINOTT, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS**
(Battery under the laws of the State of New York)

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

74. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4 made offensive contact with or caused plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR to suffer the offensive contact of handcuffing without privilege or consent.

75. As a result of defendants' conduct, plaintiffs SHAKESPEARE, ANGLIN, PITTON, MINOTT, and TAYLOR have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON, and MINOTT, are entitled to compensatory damages in an amount to be fixed by a jury,

and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Malicious Prosecution under the laws of the State of New York)

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

78. Defendants NELSON AYALA, ROBERT GALLAGER, CHRISTOPHER SCAPEROTTA, and JOHN DOE 1 and 4, initiated, commenced and continued a malicious prosecution against plaintiffs SHAKESPEARE, ANGLIN, PITTON, and MINOTT.

79. Defendants caused plaintiffs SHAKESPEARE, ANGLIN, PITTON and MINOTT to be prosecuted without probable cause until the charges were dismissed on or about June 17 and July 19, 2019.

80. As a result of the foregoing, plaintiffs SHAKESPEARE, ANGLIN, PITTON and MINOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees, interest, and costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: November 3, 2020
       New York, New York       By:   /s _____
                                      Jason Leventhal
                                      Leventhal Law Group, P.C.
                                      125 Maiden Lane, Suite 5C
                                      New York, New York 10038
                                      (718) 556-9600

Dated: November 3, 2020
       New York, New York       By:   s/ _____
                                      Joshua S. Moskovitz
                                      The Law Office of Joshua Moskovitz
                                      233 Broadway, Suite 2220
                                      New York, New York 10279
                                      (212) 380-7040

                                      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHRISTOPHER SHAKESPEARE,
KARIM ANGLIN,
STANLEY PITTON,
JAHMAR MINOTT, and
KAWAYNE TAYLOR,

                                                                  Plaintiffs,

        -against-

CITY OF NEW YORK, a municipal entity;
NELSON AYALA, in his individual capacity;
ROBERT GALLAGHER, in his individual capacity;
CHRISTOPHER SCAPEROTTA, in his individual capacity;
and JOHN DOE 1 through 4, each in his individual capacity,
(the name John Doe being fictitious, as the true names are
presently unknown),

                                                                  Defendants.

------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL LAW GROUP, P.C.**
*Attorneys for the Plaintiffs*
125 Maiden Lane, Suite 5C
New York, New York 10038
(718) 556-9600

**THE LAW OFFICE OF JOSHUA MOSKOVITZ**
*Attorneys for Plaintiffs*
233 Broadway, Suite 2220
New York, New York 10279
(212) 380-7040